STATE OF VERMONT
ENVIRONMENTAL COURT

|  | { |  |
| --- | --- | --- |
| In Re Univest Mgmt., Inc. | { | Docket No. 180-12-11 Vtec |
| & Gerardi (Waiver) | { |  |
|  | { |  |

## Decision on Multiple Motions

Currently before this Court are two motions for summary judgment. The first, filed by Mr. David Shockcor (Appellant), is a partial motion for summary judgment on Questions 7 and 8 of Appellant's Statement of Questions. In response, Univest Management, Inc. and Mr. Frank Gerardi (together Applicants) filed a cross-motion for summary judgment on all nine Questions found in Appellant's Statement of Questions. The Court will address both motions in this decision.

Univest Management, Inc. owns a 5,960 square foot lot in Hartford, VT (the Property), upon which Mr. Gerardi seeks to build a house. Because of the lot's small size, Mr. Gerardi cannot build a house compliant with the front and rear setbacks required by the Town of Hartford Zoning Regulations (Regulations). Applicants applied for and were granted a setback waiver by the Town of Hartford Zoning Board of Adjustment (the ZBA) under Regulations § 260-52. Appellant, an adjoining property owner, timely appealed the ZBA's decision and was joined in the appeal by Mr. Jason Purdy and Ms. Mathilde Silverstein (Intervenors), also adjoining property owners. As part of a scheduling order, the parties agreed to file a set of stipulated material facts and motions for summary judgment. The stipulated facts have been filed with our Court, and both parties now move for summary judgment.

## Factual Background

For the sole purpose of putting the pending motions into context, the Court recites, verbatim, the following facts, to which all parties stipulated on April 25, 2012:

1. Applicants are the owner or owners of a lot located on River Street in Queechee, Vermont identified as Lot 12-0034-001 (the Lot).

2. The Lot is undeveloped and is identified as a Class 1 lot in the town of Hartford R-3 zoning district.

3. In the R-3 zoning district the minimum area and dimensional standards for a class 1 lot require a minimum lot size of 12,000 square feet; minimum lot dimensions at least 80 feet in

width and 100 feet in depth; and a front setback of at least 25 feet; a side setback of at least 15 feet; and a rear setback of at least 20 feet.

4. Pursuant to a survey plan entitled "'Survey Plan for Frank Gerardi' dated September 23, 2011, scale 1"=20', Project No.12116," Pathways Consulting determined that the Lot contains +/- 0.13 acres, or 5,960 +/- square feet. In said survey, the property line running parallel to River Street is shown to be 120 feet long; the side lot lines are shown to be 50 feet long and the rear lot line is shown to be 120.1 feet long. (description of attachment omitted)

5. [Omitted - No number 5 is listed on the Stipulated Facts as filed on April 25, 2012.]

6. The Lot is a nonconforming lot in the R-3 zoning district since *inter alia* it contains less than 12,000 square feet.

7. Section 260-57 of the Zoning Regulations entitled "Non-Conforming Lots" provides as follows:

> In zoning districts where the minimum lot size is greater than 1/8 acre, existing small lots may be developed if they are at least 1/8th of an acre in area with a width or depth of at least 40 feet. In zoning districts where the minimum lot size is less than 1/8th acre, existing small lots may be developed upon the granting of conditional use approval.

8. One-eighth of an acre equals 5,445 square feet.

9. The Applicants propose to build a residential single family dwelling and attached garage on the Lot. The front of the structure, as proposed, will be 9 feet from the front property line, or approximately 16 feet into the required front setback. The rear of the proposed structure will be located 9 feet from the rear property line or approximately 11 feet into the required setback.

10. The lot is bordered on the front by River Street; on the east by lands owned by Appellant Shockcor; on the west by lands owned by [I]ntervenors Silverstein and Purdy; and in the rear on lands owned by Queechee Lakes Landowners Association. Queechee Lakes Landowners Association is not a party to this appeal.

11. The property owned by Appellant Shockcor is non-complying in that *inter alia* the structure built on said property is within the front setback. The property owned by Intervenors Purdy and Silverstein is developed with a single family residence that is located in compliance with the front setback requirement.

12. According to the Environmental Interest Locator maps prepared by Vermont Agency of Natural Resources, the Lot is potentially within, abuts, or is upgradient from a class II

wetland. A copy of said map is attached hereto as Exhibit "C."[1]  It should be noted that Exhibit C contains the following qualification: "This map is for general reference only.  Data layers that appear on this map may or may not be accurate, current, or otherwise reliable. VCGI and the State of Vermont make no representations of any kind, including but not limited to the warranties of merchantability or fitness for a particular use, nor are any such warranties to be implied with respect to the data on this map."

13.  Section 260-52 entitled "Setback Waivers" of the Hartford Zoning Regulations allows the Zoning Board of Adjustment to waive or modify the setback requirements for the placement of primary and accessory structures provided a minimum setback of five feet is maintained and the applicant can demonstrate that one of the following conditions exist: 1) when the reduction is no greater than the front or side setbacks for existing structures on adjacent lots on the same street frontage; 2) for greater fire safety as recommended by the Hartford Fire Department; 3) for greater preservation of open land/agricultural land or scenic vistas; 4) for greater preservation of other natural resources, such as but not limited to, surface waters, wetlands, or steep slopes; 5) for increased energy conservation and renewable energy structures.

14. In addition to the above, Section 260-52 requires that the Zoning Board of Adjustment shall, prior to issuing a waiver, determine that in issuing the setback waiver proposed development will: 1) be compatible with the scale and design of structures and overall existing development pattern of the surrounding area; 2) not impair reasonable or appropriate use of the adjoining properties; 3) not result in greater impacts on natural resources; 4) not impair sight distances on public or private roads.

15. On December 5, 2011 the Hartford Zoning Board of Adjustment issued a waiver to the Applicants based upon its finding that "the proposed structure will meet the 5-foot setback requirement and the reduction is no greater than the front infringement on adjacent lot 12-0034-000."

## Discussion

Vermont Rule of Civil Procedure (V.R.C.P.) 56 sets out the standard for deciding motions for summary judgment, which is expounded upon in case law.  When considering

---

[1] The reference to the attached exhibit C is included because the stipulations are listed verbatim.  No exhibits are attached to this decision.

cross-motions for summary judgment, we look at each motion individually and give the party opposing a motion the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, 2009 VT 59, ¶ 5, 186 Vt. 332 (citing Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990)). We also accept as true all factual allegations made in opposition to a motion for summary judgment so long as they are supported by "specific citations to particular parts of materials in the record," including stipulations made only for the purposes of the motion. V.R.C.P. 56(c)(1)(A). Because the parties in this case have signed and filed a set of stipulated facts, and because no party has disputed those facts, we will consider the stipulated facts undisputed and rely on them to decide the pending motions for summary judgment. With these standards in mind, we now consider the pending motions for summary judgment.

Appellant has moved for partial summary judgment in this case on only Questions 7 and 8 of his Statement of Questions. Question 7 asks whether the setback waiver that the ZBA granted Applicants will result in a "reduction [that] is no greater than the front or side setbacks for existing structures on adjacent lots on the same street frontage pursuant to Section 260-52(B)(1) of the Zoning Regulations." (Appellant's Statement of Questions 2, filed Jan. 6, 2012). In the alternative, Question 8 asks whether the setback waiver meets any of the other criteria in § 260-52(B)(2)–(6). In response to Appellant's motion, Applicants have filed a cross-motion for summary judgment on all nine questions in Appellant's Statement of Questions.

## I.  Questions 1 and 2

Questions 1 and 2 of Appellant's Statement of Questions ask whether the proposed building will violate the Town of Hartford's setback requirements under § 260-22 of the Regulations. Regulations § 260-22 establishes the setback requirements for the R-3 zoning district in the Town of Hartford. Both parties stipulate that the Property is located within the R-3 district. Additionally, Applicants concede that their proposed project violates the setback requirements for the R-3 zoning district and request a judgment to that effect in their cross-motion for summary judgment. We therefore **GRANT** summary judgment on Questions 1 and 2 and determine that the proposed plan does not comply with the setback requirements for the R-3 district.

## II.    Questions 3, 4, and 5

Appellant's Questions 3, 4, and 5 all concern the dimensions of the Property with respect to the lot size requirements in the R-3 zoning district under the Regulations.  We will deal with each question in order.

Question 3 asks whether the Property meets the area requirements for developable lots in the R-3 district.  Stipulation 3 states that the minimum lot size is 12,000 square feet, and Stipulation 4 states that the Property is only 5,960 square feet.  Furthermore, Stipulation 6 states that the lot is non-conforming because it contains less than 12,000 square feet.  Therefore, the parties agree that the Property does not meet the minimum lot size requirements in the R-3 district, and Applicants request summary judgment to that effect. Accordingly, we **GRANT** summary judgment on Question 3 and determine that the Property does not meet the lot size requirements in the R-3 district.

Question 4 asks whether Applicants have satisfactorily proven that the Property is greater than one-eighth of an acre and therefore falls under the exception in § 260-57 of the Regulations.  Stipulation 8 states that one-eighth of an acre is equal to 5,445 square feet. Stipulation 4 states that the Property is 5,960 square feet.  Therefore, the Property is greater than one-eighth of an acre and meets the minimum area requirement for non-conforming lots under § 260-57 of the Regulations.  Applicants request summary judgment to that effect.  Accordingly, we **GRANT** Applicants' motion for summary judgment on Question 4.

Question 5 asks whether Applicants have satisfactorily proven that the property meets the minimum dimensions required for non-conforming lots under § 260-57 of the Regulations. Stipulations 7 and 4 answer this question directly.  Stipulation 7 quotes the language of § 260-57, which requires that a lot have an area of one-eighth of an acre and a width or depth of at least 40 feet in order to qualify as an existing small lot and to be developed.  Stipulation 4 states that the property is approximately 120 feet long and 50 feet wide.  Therefore, the Property meets the minimum requirements for non-conforming lots under § 260-57 of the Regulations. Accordingly, we **GRANT** Applicants' motion for summary judgment on Question 5.

## III.    Question 6

Appellant's Question 6 asks whether the proposed structure on the Property will meet the minimum five foot setback requirement needed to acquire a setback waiver under Regulations § 260-52(B).  Stipulation 9 states that the front setback will be nine feet from the

5

front property line and the rear setback will be nine feet from the rear property line. Therefore, the proposed structure will meet the minimum five foot setback requirement necessary for approval of a setback waiver. Accordingly, we **GRANT** Applicants' motion for summary judgment on Question 6.

## IV.      Questions 7 and 8

Appellants' Questions 7 and 8 ask whether the proposed building will meet any of the conditions set forth in Regulations § 260-52. Only one of the five conditions needs to be satisfied in order to meet the requirements of § 260-52, allowing a proposed project to receive a setback waiver. Regulations § 260-52(B).

Question 7 deals specifically with the first condition of § 260-52(B), which states that a setback waiver may be granted if "the reduction is no greater than the front or side setbacks for existing structures on adjacent lots of the same street frontage." Regulations § 260-52(B)(1). In this case, the adjoining property to the west of Applicants' lot, which belongs to Intervenors, complies with all setback requirements, including the required 25 foot front setback. The adjoining property to the east, which belongs to Appellant, does not comply with the front setback requirement. (Applicants' Cross-Mot. for Summ. J. 2, filed May 31, 2012) (stating that Appellant's house is within the required front setback area and actually abuts the Town of Hartford's right of way).

We now turn to the arguments raised by the parties in their motions for summary judgment. Appellant argues in his motion that Applicants cannot receive a waiver based on the first criterion in § 260-52 because under the Regulations, we may only look at the two properties that border Applicants' property on the same street frontage, Appellant's and Intervenors'. Intervenors' property complies with the 25 foot front setback requirement, while Appellant's property does not. Appellant contends that although the setback proposed by Applicant for the Property would be greater than the current setback on Appellant's property, it would be smaller than the setback on Intervenor's property. In other words, because Applicants' proposed setback would be smaller than the setback of one of the two properties adjoining Applicants' Property, Applicants cannot obtain a setback waiver. (Mem. of Law in Supp. of Appellant's Mot. for Summ. J. 6, filed Apr. 25, 2012). Thus, under Appellant's interpretation of the regulation, we must look only at the properties that touch an applicant's property, determine which property has a larger front setback, and only grant waivers to those applicants

6

whose proposed plan leaves a setback greater than or equal to the larger of the adjoining setbacks. See id. at 7 (stating that "the proposed setback [infringement] can be no greater than the setback [infringement] that exists on either side of Applicants' property, and not just on one side of its property").

In Applicants' cross motion for summary judgment, they too proffer an interpretation of § 260-52(B)(1) of the Regulations. Applicants contend that the regulation requires the ZBA to examine the surrounding properties and grant the requested waiver so long as the proposed project is not the least conforming structure, i.e., has the smallest setback of any surrounding properties, and does not disrupt the overall character of the area.

The interpretation of a municipal regulation must be based on the intent of the drafters. In re Toor, 2012 VT 63, ¶ 9 (citing In re Pierce Subdivision, 2008 VT 100, ¶ 28, 184 Vt. 365). Although purpose statements rarely use mandatory language, they are helpful tools in our interpretation of regulations. See In re Rivers Dev., LLC, Nos. 7-1-05 Vtec and 68-3-07 Vtec, slip op. at 9–10 (Vt. Super. Ct. Env. Div. Jan. 8, 2008) (Durkin, J.) (placing importance on the aspirational language in a town plan when interpreting it). In this case, the stated purpose of Regulations § 260-52 is to "provide flexibility in setback requirements for the placement of primary and accessory structures in all zoning districts while maintaining the character of the area." Regulations § 260-52(A). Furthermore, any ambiguity in a zoning regulation is to be construed in favor of the land owner, because zoning regulations are in derogation of common law property rights. In re Toor, 2012 VT 63, at ¶ 9 (internal citation omitted).

We agree with Applicants that "adjacent" may have a slightly broader meaning in this context due to the circumstances surrounding its use. Appellant's restrictive definition of "adjacent" is too narrow and does not comply with the aspirational language in the purpose statement contained in Regulations § 260-52(A). See In re JLD Props. of St. Albans, LLC, 2011 VT 87, ¶¶ 21–23, 190 Vt. 259 (affirming this Court's decision that interpreted "adjacent" to have a broader meaning than "adjoining"); see also Black's Law Dictionary (9th ed. 2009) (defining "adjacent" as "lying near or close to, but not necessarily touching and "adjoining" as "sharing a common boundary; contiguous"). We do not go so far as to define the limits of the word "adjacent" in this context. Because we conclude that § 260-52(B)(1) requires the consideration of a wider area than only the two bordering properties, based upon the parties' stipulated facts,

we do not have sufficient evidence before us to determine whether either Applicants or Appellant are entitled to judgment.

Accordingly, we **DENY** both Applicants' and Appellant's motion for summary judgment on Question 7.

Question 8 asks whether the proposed project would meet any of the other criteria for approval under Section 260-52. Only one criterion must be met in order to qualify for a setback waiver. Regulations § 260-52 (B). As the Court holds that it cannot determine whether Applicants or Appellant are entitled to judgment under Criterion (1) under § 260-52(B), we likewise defer our examination of Question 8 insofar as it deals with other criteria of § 260-52(B). Accordingly, we **DENY** both Applicants' and Appellant's motion for summary judgment on Question 8.

## V.    Question 9

Appellant's Question 9 asks whether Applicants' proposed structure will cause natural resource damage on Applicants' property. Appellant's Question refers to Regulations § 260-52(D)(3), which directs the ZBA to consider a development's impact on natural resources. In response to this Question, Applicants attached the affidavit of Josephe E. Nalette, a licensed surveyor, to its cross-motion for summary judgment. The affidavit states that although there are may be wetlands on a portion of the Property, that portion is outside the proposed building envelope and would not be affected by construction of the proposed house. (Aff. of Joseph E. "Skip" Nalette, LLS, ¶¶ 29–32, filed May 31, 2012).

Although Appellant disagrees with Mr. Nalette's assessment, he did not submit an affidavit in support of his position. In order to prove a genuine issue of material fact exists with regard to natural resources, Appellant must support his contention that the project might have adverse impacts on wetlands with "citations to specific parts or materials in the record," including, but not limited to, depositions, stipulations, and affidavits. V.R.C.P. 56 (c)(1)(A). Simply referring to an affidavit as "untested," (Appellant's Reply to Applicant's Cross-Mot. for Summ. J. 10, filed June 28, 2012), does not create a genuine issue of material fact. Because we give the benefit of all reasonable doubt to the nonmoving party, however, we will examine Mr. Nalette's affidavit with caution. See Burlington v. Fairpoint Commc'ns, 2009 VT 59 at ¶ 5. Mr. Nalette is not an environmental expert; he is a surveyor. (Aff. of Joseph E. "Skip" Nalette, LLS, ¶¶ 1–4, filed May 31, 2012). Furthermore, Appellant notes that he has postponed discovery on

this issue pending a decision on his motion for summary judgment on Questions 7 and 8. Thus, Appellant has not had an opportunity to discover facts which may show a genuine issue of material fact. Therefore, we find that there is a reasonable doubt regarding Question 9 at this stage of the litigation, which we must decide in favor of the nonmoving party. Accordingly, we **DENY** Applicants' motion for summary judgment on Question 9.

## Conclusion

For the reasons stated above, Appellant's motion for partial summary judgment on Question 7 and 8 is **DENIED**; Applicants' motion for summary judgment on Questions 1, 2, 3, 4, 5, and 6, is **GRANTED**; and Applicants' motion for summary judgment on Questions 7, 8 and 9 is **DENIED.**

The Questions remaining in this matter are numbers 7, 8 and 9. See enclosed notice of status conference regarding the remaining issues in this case.


Done at Berlin, Vermont this 3rd day of November, 2012.


_____
Thomas G. Walsh, Environmental Judge